# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1912.

---

## C. H. ALBERS COMMISSION COMPANY, Appellant, v. MARY E. SPENCER et al.

**Division Two, October 9, 1912.**

1. **RES ADJUDICATA: Hearing on Merits After Demurrer Sustained: No Amendment of Petition.** Where it has been held on appeal that no cause for equitable relief against the defendants had been made by the plaintiff, either by the petition or evidence, and plaintiff's petition is not thereafter amended in the trial court in any material matter, a demurrer to the petition on the ground that it does not sustain a cause of action should be sustained. A plaintiff is not entitled to a hearing on the alleged merits of his case when his petition contains no merits — no right to relief.

2. **———: ———: ———: Injunction: Motion to Dissolve Instead of Demur.** The sufficiency of the petition may be assailed by a motion to dissolve the temporary injunction in the same manner as by a general demurrer; and when that motion has been sustained on the ground that the petition stated no ground for equitable relief, plaintiff is not, without an amendment of his petition in material matters, entitled to a further hearing.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

AFFIRMED.

(368)

*Barclay, Fauntleroy & Cullen* for appellant.

(1) According to the petition, the deliveries of grain under the contracts were to be in St. Louis and also in East St. Louis ("in regular elevators," some of which then were and now are in Illinois), so that the places for performance thereof made the grain transactions in suit interstate commerce. Montague v. Lowry, 193 U. S. 38; Hall v. Cordell, 142 U. S. 116. (2) A "corner" is a combination or conspiracy to secure such control of the immediate supply of any product, as to enable those operating the corner to arbitrarily advance or control the price of the product. Eddy, Combinations (1 Ed.), Sec. 72. Parties who unite or combine to form or to participate in executing a "corner" are within the Federal law, and should not be allowed to carry out the purposes forbidden. Railroad v. Terre Haute Co., 145 U. S. 407; Foss v. Cummings, 149 Ill. 359; Gibbs v. McNeely, 118 Fed. 120; Craft v. McConoughy, 79 Ill. 346; Nester v. Brewing Co., 161 Pa. St. 473. The second section of the Sherman Act is aimed directly at combinations and conspiracies to monopolize any part or feature of interstate commerce, such conspiracies as are here in question. Monarch Works v. Tob. Co., 165 Fed. 774; Loewe v. Lawler, 208 U. S. 293; Paper Co. v. Voight Co., 212 U. S. 227. (3) By dismissing the cause without any hearing upon the issues raised by the petition, answers and reply, the trial court denied to plaintiff its rights asserted under the laws of the United States, by the petition and in the motion to set aside the dismissal and hence erred in deciding a question of Federal law. See Federal decisions above. (4) The petition states a case which would forbid Spencer & Milliken enforcing the contracts because of their violation of the Pools and Trusts Act of Missouri, and because of their unlawful combination, irrespective of the actual prices (real or fictitious) of

the grain.   Hence the Exchange rules would have no bearing, if the "corner" be proved as alleged and they have no bearing as a defense except on the theory set up as affirmative matter in the answers which remains to be proved by defendants.   R. S. 1909, Secs. 10298, 10301-4.   Those issues, in any event, could only be determined on a hearing, which the trial court denied by a summary dismissal.   Aull v. Day, 133 Mo. 337; Harrison v. Rush, 15 Mo. 175; Jackson v. Emmons, 176 U. S. 532.   (5)   Whatever effect may properly be ascribed to the appeal from the interlocutory order dissolving the temporary injunction, the Supreme Court had no jurisdiction, on that appeal, to decide the merits of the case on the issues in the pleadings in advance of a trial, and it did not purport to prejudge those issues by ordering a dismissal; so the trial court erred in that order made without a hearing of any sort after the interlocutory trial.   Lively v. Hunter, 52 S. E. 544; Alston v. Limehouse, 60 S. C. 559.   (6)   The decision of the appeal on the interlocutory order dissolving the temporary injunction did not warrant the trial court in dismissing the cause without a hearing of the issues raised by the pleadings on file, and without opportunity given to the plaintiff to present new or additional evidence in support of the averments of the petition.   The opinion on the first appeal could not properly be applied if new and more cogent testimony for plaintiff on the issues joined should be presented, including more recent solemn judicial admissions by defendants of all the material facts, which admissions and all other evidence plaintiff was by the dismissal precluded from submitting. Rogers v. Pitt, 129 Fed. 936; Alston v. Limehouse, 39 S. E. 188; Jackson v. Emmons, 176 U. S. 532; Aull v. Day, 133 Mo. 337.   The interlocutory order denying the temporary injunction was not a final determination of the suit, and was not so adjudged when that order was affirmed.   Harrison v. Rush, 15 Mo. 175;

Brown v. Association, 59 N. Y. 242; Paul v. Munger, 47 N. Y. 469; Beaudry v. Felch, 47 Cal. 186; Sanitary Works v. Reduction Co., 94 Fed. 696. Only statutory permission and authority now allow an appeal from an interlocutory order dissolving a preliminary injunction, which prior thereto was denied because not a final judgment. R. S. 1899, Sec. 806; Sec. 2038, R. S. 1909; Tanner v. Irwin, 1 Mo. 65; Johnson v. Board, 65 Mo. 47; Witthaus v. Bank, 18 Mo. App. 183.

*Judson & Green* for respondents.

(1) It clearly appears from the decision in 205 Mo. 105, between the same parties, that the original petition in this cause stated no cause of action, and that the evidence did not prove one, and that there was nothing in this case but the injunction. The injunction was the life of the bill, and in the determination of the motion to dissolve the injunction, the merits of the cause were necessarily determined. The circuit court erred, therefore, in not dismissing the bill when the injunction was dissolved, and it was clearly right in dismissing the bill after the judgment of the Supreme Court in 205 Mo. 105. Davis v. Wade, 58 Mo. App. 646; Gibson v. Powell, 96 Mo. App. 68; Hammerslaugh v. Building Assn., 79 Mo. 80; Brownlee v. Fenwick. 103 Mo. 420; Buford v. Packet Co., 3 Mo. App. 159: 69 Mo. 611; State ex rel. v. Hager, 92 Mo. 511; Davis v. Railroad, 102 Md. 371; Hall v. Horne, 42 So. (Fla.) 383; Goddard v. Railroad, 202 Ill. 362; Reed v. Campbell, 43 N. J. Eq. 406; Withers v. Denmead, 22 Md. 135; Field v. West Springs, 180 Ill. 190; Goodrich v. Moore, 2 Minn. 61; Alfred v. Moore, 15 W. Va. 597; Pryor v. Emmerson, 22 Tex. 162; Wade v. Loudon, 30 La. Ann. 660; Merriman v. Merman, 9 Heisk. (Tenn.) 269; Gulich v. Fisher, 92 Md. 353. (2) The distinction made in all these cases between bills in equity or petitions wherein the injunction is the life of the bill and wherein the determination of the right to injunc-

tion necessarily determines the merits of the case, and other cases where the injunction is merely auxiliary to other relief, is controlling in this case; and this distinction makes inapplicable all of the contentions and authorities cited by counsel for appellant in their brief. (3) As the injunction was the life of the bill; that is, the relief sought being the enjoining of the enforcement of the contracts on the ground of their alleged illegality, the determination of the validity of the contracts was necessarily decisive at once of the injunction and of the whole merits of the case. After the decision of the circuit court, affirmed in 205 Mo. 105, that the contracts were valid and enforcible, there was nothing left in the case. If these contracts are valid, as Judge VALLIANT held in his opinion, then they ought not to be cancelled. (4) Appellant's contention that, after a full hearing upon the merits on the motion to dissolve the injunction, affirmed by the Supreme Court on its own appeal on the ground that there is no equity in its bill and that the contracts which it is sought to enjoin are valid and enforcible, he is nevertheless entitled to another hearing upon this same cause of action, is not only violative of precedent, but is in conflict with the fundamental principles of jurisprudence that there should be an end of litigation, and that no man should be twice annoyed for one and the same cause. United States v. Throckmorton, 98 U. S. 61; Broom's Legal Maxims, Secs. 321 and 325; Skeen v. Springfield Co., 42 Mo. App. 158; State v. Benedict, 51 Mo. App. 642; Halpin v. Warner, 57 Mo. App. 59; Gibson v. Powell, 96 Mo. App. 681.

BROWN, P. J.—This is an action demanding equitable relief against certain grain contracts entered into between plaintiff and defendants as members of the Merchants' Exchange of St. Louis.

In the year 1903, the plaintiff instituted five suits in the circuit court of St. Louis City against the Mer-

chants' Exchange and sundry members thereof, alleging certain wrongful conduct on the part of defendants which resulted in so monopolizing or "bulling" the wheat market that plaintiff was unable to purchase enough wheat to fill large contracts theretofore made by it for future delivery, whereby it was about to lose large sums of money which it had put up in the National Bank of Commerce (a defendant herein) as margins to guarantee the fulfillment of its said contracts of sale.

In its petitions, plaintiff prayed the cancellation of the contracts of sale made by it; that the money which it had put up in the bank as margins be returned, and that defendants and the officers of the Merchants' Exchange be enjoined from in any manner enforcing said contracts for sale of wheat entered into by plaintiff and from applying the margins put up by plaintiff toward liquidating said contracts.

The five suits 'were, by an order of the circuit court, consolidated and a temporary injunction, issued, as prayed. Upon a motion to dissolve the temporary injunction, the trial court heard the parties, taking some 700 pages of testimony touching all the allegations of the petition, answer and motion to dissolve; and made an order dissolving the temporary injunction.

From the order dissolving the temporary injunction plaintiff appealed to this court, where the order of the circuit court was in all things affirmed in an able opinion by VALLIANT, C. J., 205 Mo. 105, where a more complete statement of the case will be found.

When the case was first here, the petitions of plaintiff and the evidence offered to support same were most carefully considered; and it was ruled that no cause for equitable relief had been made against the defendants, either by the petitions or evidence.

After the case was disposed of in this court, the defendants, on July 24, 1907, filed the following mo-

tion in the circuit court to dismiss the consolidated causes:

"Now come defendants and move the court to dismiss the above entitled causes for the reason that this court is without jurisdiction to determine the same and that there is no equity in the said petitions for consideration of a court of equity, and that it has been so adjudged by the Supreme Court of the State of Missouri in these causes in the appeal heretofore taken by plaintiff from the order of this court dissolving the temporary injunction herein, as will appear from the opinion of said court on file in this cause.

"Wherefore, defendants ask that said causes be dismissed." This motion was by the circuit court sustained and the plaintiff's consolidated causes of action dismissed; whereupon the plaintiff, after a timely effort to secure a new trial below, again appeals to this court.

After this court's decision on the first appeal, the plaintiff's petitions were not amended in any material manner, so that no new issue had been presented to the circuit court at the time of the dismissal.

The plaintiff earnestly insists that the issues in this cause involve many constitutional questions as well as the construction of many Federal statutes, and that it has never had an opportunity to present this case to the court on its *merits*.

If the motion to dissolve had not involved the sufficiency of the petition but only the solvency of the defendants, or some similar issue, there would be substance in the plaintiff's contention; but the motion to dissolve filed by the National Bank of Commerce challenged the plaintiff's petition in, the following categorical manner:

"Now comes the National Bank of Commerce in St. Louis, one of the defendants in the above entitled cause, and having filed its answer in said cause, now

moves the court to dissolve the temporary injunction heretofore granted against it in said cause and for the following reasons, namely:

"First: Because plaintiff's petition fails to state facts sufficient to entitle it to any relief at law or in equity.

"Second: Because the plaintiff's petition fails to state facts sufficient to constitute a cause of action at law or in equity.

"Third: Because the facts stated in plaintiff's petition are not true, as this defendant is informed and believes."

The motions to dissolve filed by other defendants also charged that the petitions stated no facts entitling plaintiff to equitable relief.

The brief filed when this cause was first before us shows that the insufficiency of the plaintiff's petition was one of the issues relied upon by defendants. On that appeal, we held: "The plaintiff neither by its pleading nor its evidence has made out a case calling for the exercise of the jurisdiction of a court of equity." [205 Mo. 1. c. 120.]

As the only amendment to plaintiff's petition after our first decision was by adding two new defendants as survivors of a defendant who had died since the trial in the circuit court, the issues have not been changed.

The query therefore arises, is a plaintiff whose petition states no cause of action entitled to more than one hearing? In other words, is a litigant entitled to a hearing on the alleged merits of his case when his petition contains no merits—no right to relief? We think not.

It is true that where a petition states grounds which entitle plaintiff to relief at law or equity, the dissolution of a temporary injunction improvidently granted does not end the case. [State ex rel. v. Smith, 188 Mo. 167.]

Our statutes do not designate what shall be sufficient grounds for dissolving a temporary injunction; but it is undoubtedly a sound rule that when a petition states no sufficient grounds for relief, no injunction should issue; and if one has issued, it should be dissolved. This rule is announced in 22 Cyc. 975, in the following language: "In cases where the injunction was improvidently granted because of the want of equity in the bill, it will be dissolved on motion either before or after answer. And it is immaterial that the answer does not deny the equities, or admits all the allegations of the bill, or is defective in form or substance."

Plaintiff asserts that a petition in equity can only be dismissed upon a demurrer, and that as the filing of the answer waives the right to demur, this cause was improperly dismissed below on the defendants' motion. Plaintiff relies on the cases of Brill v. Stiles, 35 Ill. 309, and Hickey v. Stone, 60 Ill. 461, to support its contention. However, under our Missouri code, which was intended to substitute substance for mere form in pleadings, we do not consider the cases cited as applicable.

Under our law, it is permissible to assail the sufficiency of the petition in a motion to dissolve a temporary injunction in the same manner as by a general demurrer; and as the motions to dissolve hereinbefore noted contain all the elements of demurrers, the trial court and this court upon those motions, became vested with full power to adjudicate the sufficiency of the petition; and having determined that no cause of action is stated by the plaintiff, there no longer exist any merits to try.

By our former decision, plaintiff's petition became mere waste paper, and the circuit court properly ruled that the causes should be dismissed. [Johnson v. United Railways Company, 243 Mo. 278.]

There are quite too many litigants with meritorious causes who have never yet had a hearing and who are crying out to the courts for justice, to allow plaintiff more than one final hearing on the same proposition.

The judgment of the trial court dismissing plaintiff's consolidated causes of action, is affirmed.

*Ferriss* and *Kennish, JJ.,* concur.