C. H. ALBERS COMMISSION COMPANY, Appellant, v. JOHN T. MILLIKEN et al., Respondents.

St. Louis Court of Appeals. Argued and Submitted May 8. 1914. Opinion Filed June 2, 1914.

1. INJUNCTIONS: Dissolution: Parties Entitled to Damages. In a proceeding for the assessment of damages on the dissolution of a temporary injunction, where the parties enjoined, outside of movents and two corporations having only a collateral interest, were merely brokers for movents, *held* that movents, being the real parties in interest, had a right to maintain the proceeding.

2. ———: ———: Attorneys' Fees. It is not essential to the allowance of attorneys' fees incurred in procuring a dissolution of a temporary injunction that such fees be actually paid, but it is sufficient if defendant is legally liable for the payment thereof.

3. ———: ———: ———: Account Stated. In a proceeding for the assessment of damages on the dissolution of a temporary injunction, the fact that the attorneys for defendant had rendered an account to defendant for their services relating to the dissolution of the injunction and for other matters, would not constitute an account stated, fixing the measure of liability on the

Commission Co. v. Milliken.

injunction bond, where such attorneys denied that there was an account stated between them and defendant.

4. ————: ————: Release by Obligee: Effect on Other Obligees. Where a temporary injunction is granted against a number of defendants whose interests are several, the liability of plaintiff on the injunction bond is several, and a release by one of the defendants does not bar the right of the others to recover damages upon the dissolution of the injunction, and especially so where the release is limited by its express terms to the claim of the defendant who executed it.

5. ABATEMENT AND REVIVAL: Substitution of Personal Representative: Failure to Change Caption: Harmless Error. Where, after the death of a defendant, his personal representative was substituted as a party to the action, the failure to insert the name of such representative in the caption of a motion filed by the several defendants did not affect the validity of the motion nor prevent relief being granted thereon, and especially so where the motion was heard on the theory that it was prosecuted by the legal representative of decedent and the judgment awarded relief in his name.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Barclay, Fauntleroy, Cullen & Orthwein*, for appellant.

(1) No counsel fees are recoverable by Spencer and Milliken because the restraining order did not enjoin them, but only enjoined other defendants. Holloway v. Holloway, 103 Mo. 274; Buford v. Packet Co., 3 Mo. App. 172; Albers Co. v. Spencer, 236 Mo. 631. The injunction imposed on the grain purchasers (against receiving the "margins") was immaterial, harmless and without damage, because, as the Bank and the Exchange were enjoined from paying those funds, no injury could be occasioned by the particular order (as to the grain purchasers) not to receive those funds. Only actual and proximate

results of the restraining order can be assessed as damages thereof in favor of any one; and the purchasers made no motion for damages. Brown v. Baldwin, 121 Mo. 136; Bircher v. Parker, 40 Mo. 118; Holloway v. Holloway, 103 Mo. 274. Even if they had been enjoined, it was as several and distinct defendants; and hence they could not claim joint damages for their individual demands. Leisse v. Railroad, 2 Mo. App. 117. (2) The circuit court erred in finding for defendants for attorneys' fees, because no sums of money for such fees were "paid out or expended" by defendants as alleged in said motion for damages. A mere liability unpaid does not support an allegation of payment thereof. Muth v. Railroad, 87 Mo. App. 422; Stanley v. Railroad, 112 Mo. App. 601; Ward v. Haws, 5 Minn. 440; Pritchet v. Boevy, 1 Crompt. & M. 775; Jones v. Lewis, 9 Dowl. 143; Prader v. Grimm, 28 Calif. 11; McLaughlin v. Railroad, 113 Calif. 590; Gammon v. Havelock, 40 Ill. App. 268. There is no evidence that these fees were ever paid; but the law requires such proof before recovery on such allegations. The status when suit was brought could not even be changed so as to allow such a recovery on a later payment had it been made, although that is not even pretended. Freimuth v. Rupp, 8 Mo. App. 568; Brown v. Shock, 27 Mo. App. 351; Werth v. City, 22 Mo. App. 17. (3) The circuit court erred in finding for defendants for $3500 attorneys' fees, because the undisputed testimony shows that on June 3, 1904 (after the order entered to dissolve the injunction), the attorneys rendered an account to Spencer and Milliken for general services, including all proceedings (besides those for dissolution) and other cases besides this, which account was mutually accepted, and became thereby an account stated, in which the services for dissolution are not separated from other services in those causes, and said account stated merges the prior items and

creates a new liability wherein the injunction services are not susceptible of severance. Powell v. Railroad, 65 Mo. 658; Mitchell v. Hawley, 79 Calif. 303; Lambert v. Alcorn, 144 Ill. 329; Alexander v. Colcord, 85 Ill. 323; 2 High Inj. (4 Ed.), sec. 1686; McCormack v. Sawyer, 104 Mo. 36; Wiggins v. Burkham, 10 Wall. 129; Kent v. Higleyman, 17 Mo. App. 9; Brown v. Kimmel, 67 Mo. 430. The account stated merges the previous dealings. "It is not necessary to prove the items of the account; for the action" (i e., on an account stated) "is founded not upon these but upon the defendant's consent to the balance ascertained." 2 Greenl. Evid., sec. 217; Powell v. Railroad, 65 Mo. 661. No liability on *quantum meruit* remained after the account was stated. Mitchell v. Hawley, 79 Calif. 303; Davis v. Brown, 67 Mo. 313; Mitchell v. Hawley, 79 Calif. 303; Railroad v. Kimmel, 58 Mo. 85; Yeates v. Ballentine, 56 Mo. 531; Mackey v. Hyatt, 42 Mo. App. 443; O'Brien v. Mayer, 23 Mo. App. 648. One may not recover on *quantum meruit* by proof of an agreed contract, nor *vice versa* in Missouri, as is attempted in this case by the testimony of "reasonable value" in the face of testimony of an account stated. O'Brien v. Mayer, 23 Mo. App. 648; Davis v. Brown, 67 Mo. 313; Yeates v. Ballentine, 56 Mo. 53; Eyerman v. Assn., 61 Mo. Mo. 489. (4) The circuit court erred in assessing said attorneys' fees because they were never paid, as alleged, and no liability therefor exists except as merged in a new contract, inseparably mingling other items for which plaintiff is not liable on this motion. Corder v. Martin, 17 Mo. 41; Dorris v. Carter, 67 Mo. 544; Konta v. Exchange, 150 Mo. App. 617. (5) The circuit court erred in assessing attorneys' fees in favor of defendants, because the burden was on the latter to prove that the services for which the fees are claimed arose from the injunction proceedings, and not from other services in the cause. Bank-

ing Co. v. Monarch Co., 68 Mo. App. 603; Quinn v. Silka (Colo.), 76 Pac. 552; Bank v. Hackett, 89 N. W. 412; Albers Co. v. Spencer, 236 Mo. 634; Uhrig v. City, 47 Mo. 529. Here the "reasonable value" of the services (on that phase of this cause), which was the only testimony given, is no evidence of liability of Spencer and Milliken to their attorneys concerning the injunction, because whether that value may or may not be the proper part to apportion thereto has been made immaterial by the acts of said clients and attorneys who have agreed (since the injunction was dissolved) upon a lump sum ($6438.80) for this and other services. The want of testimony is fatal to the finding on that point. Anderson v. Anderson, 55 Mo. App. 268; Alaska Co. v. Hirsch, 47 Pac. 124; Albers Co. v. Spencer, 236 Mo. 634. (6) The circuit court erred in finding for defendants for attorneys' fees because the injunction matters were not severed in the agreed account from general services in the causes; and, where those circumstances exist, such merger precludes identification of liability, and does not discharge the burden of proof. That rule applies in many forms to many phases of the law of evidence. Edgar v. Salisbury, 17 Mo. 271; O'Connor v. Railroad, 111 Mo. 194; Warner v. Railroad, 178 Mo. 134; Albers Co. v. Spencer, 236 Mo. 634; Wilson v. Haecker, 85 Ill. 349; Moriarty v. Galt, 125 Ill. 417. (7) The assessment of attorney's fees, in favor of Spencer and Milliken, was erroneous; because, after clients and their attorneys have created an entire debt or demand, and evidenced it as here by an account stated, it would be contrary to established principles of law to allow the clients to split up the adjusted entire demand (for $6438.80) and assert an unidentified part of it as damages sustained on account of minor transactions merged in the general balance, when their attorneys cannot now assert any liability against the clients because of the settlement

and account stated, including other items mingled without identification. Moriarty v. Galt, 125 Ill. 417; Mackey v. Hyatt, 42 Mo. App. 443; Railroad v. Kimmel, 58 Mo. 85. (8) No action could now be maintained by defendants' attorneys against defendants for their services in obtaining a dissolution of the injunction in this cause, because they have made those services an indistinguishable part of a larger claim including other matters. Lumber Co. v. Audrain Soc., 59 Mo. App. 24; Wagner v. Jacoby, 26 Mo. 532; Uhrig v. City, 47 Mo. 529; Nixon v. Biloxi, 76 Miss. 810; Wilson v. Weber, 3 Ill. App. 125. (9) The bonds secured the obligees against damages occasioned by the restraining orders; but a mere liability for costs or fees which have not yet been paid do not constitute more than nominal damages, if any damages, under the Missouri decisions, in view of the facts here in evidence showing no liability remaining for the injunction services, apart from the general case and other cases included in the account stated. Corder v. Martin, 17 Mo. 41; Freimuth v. Rupp, 8 Mo. App. 568; Dorris v. Carter, 67 Mo. 544. (10) The release executed to plaintiff by one of the obligees in the bond is a bar to recovery by any other obligee, including the moving defendants in this motion. Chicago Co. v. Bryan, 195 Mo. 574; Churchill v. Lammers, 60 Mo. App. 244; Hubbard v. Railroad, 173 Mo. 249; Butler v. Boynton, 117 Mo. App. 465; Ryan v. Riddle, 78 Mo. 521; Ellis v. Railroad, 130 Mo. App. 225. Separate assessments of damages are allowed for each defendant, by statute, but that does not affect or abrogate the terms of the injunction bond which create an obligation to all of the obligees, anyone of whom releasing prevents suit or judgment upon the bond in the right of all. Hubbard v. Railroad, 173 Mo. 249; Chicago Co. v. Bryan, 195 Mo. 574; Ryan v. Riddle, 78 Mo. 521; Dewey v. Carey, 60 Mo. 224; Robbins

v. Ayres, 10 Mo. 538; Rainey, Smizer, 28 Mo. 311; Muldrow v. Railroad, 62 Mo. App. 431.

*Judson, Green & Henry* for respondents.

(1) The three propositions grouped under number "I" of appellant's "Points and Authorities" are not supported by any evidence and are based upon a total misconception of the record. Furthermore, the Supreme Court, on the former appeal, has passed adversely upon each and every contention here presented. Albers v. Spencer, 236 Mo. 608. (2) The law does not require that parties litigant should have actually paid their counsel fees before they can have the value thereof assessed as damages on an injunction bond. It is sufficient to sustain such an assessment that the defendants are legally liable for the payment of such fees, and it is unnecessary to show that they have, in fact, been paid. Holthaus v. Hart, 9 Mo. App. 1; State ex rel. v. Gage, 52 Mo. App. 472; Swan v. Timmons, 81 Ind. 943; May v. Bank, 5 Ky. Law 691. (3) The proposition stated by appellant under point 10 was presented and argued to the Supreme Court on the former appeal and was ruled adversely to appellant (see 236 Mo., pp. 642, 643 and 644). If each of the joint obligees in a bond is entitled to sue separately for the damages which he has separately sustained by the injunction, as that court expressly ruled, then each obligee can release separately the damages peculiar to himself.

REYNOLDS, P. J.—This case, in point of fact, five consolidated cases, the five cases commenced in January 6, and 7, 1904, but thereafter consolidated and here referred to as one case, has been in the courts, trial and appellate, ever since that date, and has been presented in one shape or another, and on one phase or another, to the Supreme Court of the State three

times. [See Albers Commission Co. v. Spencer et al., 205 Mo. 105, 103 S. W. 523; Albers Commission Co. v. Spencer et al., 236 Mo. 608, 139 S. W. 321; Albers Commission Co. v. Spencer et al., 245 Mo. 368, 150 S. W. 712.] In point of fact, it was before the Supreme Court the fourth time, the last time having been transferred to that court by our court, on the authority of the decision of the Supreme Court in Curtis v. Sexton, not yet officially reported, but see 159 S. W. 512. Under the authority of the decision of the Supreme Court in Rourke at al. v. Hodges Street Railway Company et al., not yet reported, but in which a motion for rehearing was overruled April 13, 1914, the cause was transferred back to our court and submitted and argued, and it is upon the case on final submission and argument before us that we are now called upon to pass. Questions arising out of this same deal, and over an injunction which was sued out in aid, although not between these parties, were also before our court in Aiken v. Rice et al., 137 Mo. App. 147, 117 S. W. 655. Moreover, as stated by plaintiff in its abstract, a writ of error was sued out to the last decision of our Supreme Court (245 Mo. 368, supra, as we understand), from the Supreme Court of the United States. It appears, however, that this writ was dismissed by that court March 8, 1914, as a cause not within its jurisdiction. [See 34 Sup. Ct. Rep. 601.]

The facts in the case are so fully covered by these several decisions that it is sufficient to refer to those decisions for the facts without repeating them here. The Supreme Court, by its decision in Albers Commission Co. v. Spencer, 236 Mo., supra, which involved the question here present, namely, assessment of damages under the injunction bond, sent the case back to the trial court for error committed in the assessment, in that it included services rendered in the Supreme Court. Again reaching the trial court, the matter

came up on the original motion filed March 24, 1904, by counsel in the name of Spencer and Milliken for assessment of damages accruing down to and including the dissolution of the temporary injunctions which occurred March 24, 1904, and on an answer or return to the motion, and that is the matter now before us. Mr. Spencer having died pending the action, his legal representatives were substituted for him, and the present judgment allowing attorney's fees was entered in favor of Milliken and the legal representatives of Spencer. There were five cases in which injunctions had been issued and, as before stated, they were, by agreement, consolidated and heard together, both on the dissolution of the temporary injunction and afterwards on the several trials and appeals. On the final hearing on the motion, the court allowing a total of $5695.85, divided this proportionately between the five suits, in each of which the Albers Commission Company was plaintiff and Spencer and Milliken, with others, parties defendant, the others, save the Merchant's Exchange and National Bank of Commerce in St. Louis, being brokers for Spencer and Milliken.

In its answer to the motion the Commission Company set up (1) a defect of parties movent in the motion and that all necessary parties are not made parties to it; (2) the parties named as movents are not entitled to maintain the motion; (3) the motion should not be heard until final decree had been rendered in the original consolidated causes, which had not yet been decided and was then pending on appeal (with supersedeas) in the Supreme Court (this answer was filed June 13, 1912; the main case [see 245 Mo. 368, supra,] was not decided until October 9, 1912); (4) the motion is not lawfully triable until a final decree shall have been rendered in the original consolidated causes; (5) a release given by the National Bank of Commerce in St. Louis is pleaded in bar; (6) a de-

nial, generally, of each and every allegation of the motion.

The court, making an allowance of $5695.85, as above stated, divided it on the basis of $3500 attorney's fees for services for the dissolution of the temporary injunctions in the five cases; $359.21 for interest on this at six per cent from June 4, 1904, when the injunction was dissolved, to December 23, 1912, when this judgment assessing damages was entered, and $399.80 for interest on the amount which had been deposited by the Albers Commission Company with the National Bank of Commerce as margin to secure the deals of the Commission Company at the rate of six per cent for two months and five days, that is to say from the date of issue of the temporary injunction until its dissolution. It is this judgment making these allowances that is now complained of and from which, interposing a motion for new trial, plaintiff below brought its appeal to this court.

It should be said that pending the cause in its various stages, two individuals, sureties on the injunction bond, Messrs. Albers and Vogelsang, died, and the cause has since been prosecuted against the Albers Commission Company alone. It also appeared that the Commission Company had settled with the Merchants Exchange and with the National Bank of Commerce for costs and attorney's fees, plaintiff securing the release pleaded from the latter.

It is set out in the abstract furnished by appellant that since the death of Mr. Spencer, the causes have been duly revived in the name of his legal representatives, the petitions being amended by interlineations to correspond to this change of parties. It appears that the caption of the original motion in the consolidated cases remained as at first in the name of Messrs. Milliken and Spencer. The hearing on the motion, however, proceeded as for Milliken and Spencer's legal representatives and the

final judgment of allowance is in the favor of Milliken and the legal representatives of Spencer.

The learned and industrious counsel for appellant have made eighteen assignments of error on the record before us, all founded on the defenses set up in the answer to the motion.

We premise our examination of these assigned errors with the statement that Mr. Judson, one of the counsel for respondents, the only witness to the value of the professional services rendered, testified that in the five cases the reasonable value of those services was $3500, and there was no contradiction whatever of his testimony as to the value. That is the exact amount of attorney's fees claimed in the motion for allowance. While that motion claimed $400 interest on $37,000, the amount deposited with the bank by plaintiff as margin for its deals with defendants and their brokers, the court, making the calculation of interest accurately, allowed $399.80. Interest was allowed on both of these from the date of the dissolution of the temporary injunction.

Taking up the assignments of error, that the court had erred in allowing $3500 attorney's fees and for interest on that, and for interest on the amount of the deposit tied up in the hands of the National Bank of Commerce, and in finding in favor of defendants in any sum, we are unable to sustain any of them. In point of fact, we think that these are all concluded by the decision of our Supreme Court in Albers Commission Co. v. Spencer et al., 205 Mo., supra.

This also disposes of the assignment to alleged error of the court in refusing an instruction asked by plaintiff to the effect that under the law and the evidence adduced upon the motion for damages, the movents are not entitled to recover any damages upon this pending motion. It is argued in support of these assignments, that no counsel fees are recov-

erable by Spencer and Milliken because the restraining order did not restrain them but only enjoined other defendants, and that they are entitled to mere nominal damages, if any. We are unable to appreciate the force of this objection. It appears, and is practically conceded in the case, that the parties who were enjoined, outside of Spencer and Milliken, the Merchants' Exchange and National Bank of Commerce, were mere brokers for Spencer and Milliken. Furthermore Spencer and Milliken are specifically named in the injunction bonds, and a mere casual, not to say critical, examination of the opinions of the Supreme Court in these several cases most distinctly shows that Spencer and Milliken were the real parties in interest all through this litigation.

It is further argued that the testimony fails to show that Spencer and Milliken, or their representatives, had in fact, paid the attorneys this $3500. Mr. Judson, testifying as to this matter, stated that the attorneys had rendered an account to Spencer and Milliken for these services and also for other professional services, which included this fee and that part of the bill had been paid, but he was unable to state how this payment had been applied; whether any of it had been applied specifically to this charge or not; it was applied on general account. We do not understand the law to be that in order to recover damages on the dissolution of an injunction, counsel fees must actually have been paid before they can be recovered or assessed as damages in favor of the party securing the dissolution. As we understand it, it is sufficient to sustain the claim that the defendants are legally liable for the payment of the fees.

Our court, in Holthaus v. Hart, 9 Mo. App. 1, expressly held that attorney's fees and other expenses incurred by reason of injunction proceedings, might, on the dissolution of the injunction, be recovered

as damages, irrespective of the question of their payment; that the liability to pay these attorney's fees is part of the damage sustained. So the Kansas City Court of Appeals held in State ex rel. Rogers v. Gage Bros. & Co., 52 Mo. App. 464, l. c. 471. It is true that in Muth, Exec. v. St. Louis & Meramec Riv. Ry. Co., 87 Mo. App. 422, l. c. 433, it is held that under the pleadings in the case, evidence that liability had been incurred for medical attendance and the like did not support an averment that it had been discharged. To the same effect is the decision of the Kansas City Court of Appeals in Stanley v. Chicago, Milwaukee & St. Paul Ry. Co., 112 Mo. App. 601, l. c. 608, 87 S. W. 112. Both of these cases, cited by the learned counsel for appellant, went off on a question of pleading; each actions for damages and consequent expenses for injuries sustained. Our Supreme Court in this very case (236 Mo. l. c. 645) has held: "It is not the intendment of the statute that motions should be framed with the particularity of suits on the bond. So long as the grounds stated in the motions cover the elements of damages asked with reasonable precision, they are sufficient. Such is the case here."

Argument is made that the account rendered by Judson & Green, the attorneys, to Milliken and Spencer, had taken the form of an account stated as between those parties and was conclusive in favor of this plaintiff here. Mr. Judson most distinctly denied that there was an "account stated" between the parties. How a third party can impose upon two others, as between those two, one of them, at least, denying that an account stated had been reached, and the other not heard, the effect of an account stated as in favor of the third party, is something that we confess we are unable to comprehend. We know of no authority that supports any such proposition.

Error is assigned to the allowance of interest on the $37,000 on deposit in the hands of the National Bank of Commerce. That point is distinctly covered and decided adversely to this claim of appellant by our Supreme Court in this very case (236 Mo. l. c. 636), in which our Supreme Court said that the allowance of interest on this deposit from the date the injunctions were dissolved to the date the mandate of the Supreme Court went down, which was involved in that case, was erroneous. But it further said that the testimony was before it by which it could separate and calculate the interest correctly, that is from the issue of the temporary injunction until its dissolution, but as the case must be sent back for a rehearing it said that it (the Supreme Court) would "not make two bites of a cherry. Let the trial court make the calculation." Here it made it and made it correctly. This disposes of the claim that interest not having been demanded in the motion cannot be allowed.

It is argued that a release having been given to the Bank of Commerce, that it inured to the benefit of the plaintiff here and discharged it from all obligation to these parties, Spencer and Milliken. That point is covered adversely to the contention of counsel here by our Supreme Court in this same case (236 Mo. l. c. 642), where the court says:

"We content ourselves with ruling that in injunction bonds, where the restraining orders issued to several parties whose interests are obviously several, some of whom may have no substantial interest, the liability is several and parties having several interests may proceed by motion separately, and if some refuse to proceed, others to whom damages accrue are not precluded by such refusal."

That is conclusive here on the proposition, and is applicable both to the Bank and the Merchant's Exchange. The distinct holding is that the obligation

of the parties is several and that the release of one obligee did not release or discharge the others. Moreover, the release executed by the National Bank of Commerce, in so many words, confined itself to the release and discharge of the Commission Company, "for or on account of said injunction bonds or any of them and from any obligation arising therefrom only in respect and in so far, of course, as the same may be due or accruing to this bank." The effect of this part of the decision of our Supreme Court last above quoted is, that the release of the Bank did not work a discharge in favor of the other parties to the bond.

Some point is made that upon the death of Mr. Spencer and the revival of the several causes in the name of his legal representatives, the caption of the motion for assessment of damages was not changed but remained in the name of Messrs. Spencer and Milliken. But on motion of counsel for plaintiff the death of Mr. Spencer was suggested, his representatives brought in and the names changed accordingly in the captions of the several cases. That the change was not made in the caption of the motion is entirely immaterial. As before stated, the motion was heard on the theory that it was by Milliken and by the legal representatives of Spencer and the judgment of allowance is in those names, that is, in favor of Milliken and the legal representatives of Spencer. The point is without merit.

This covers, substantially, the errors assigned. Without going any further into them, we are compelled to hold that none of them are tenable.

We are asked to impose damages as for a vexatious appeal. On consideration, we do not think that should be done.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.