W. K. GIBSON, Relator and Appellant, v. JUDGES OF CHRISTIAN COUNTY COURT, Respondents.*

In the Springfield Court of Appeals, January 26, 1925.

1. **Injunction: County Courts: Jurisdiction of County Court.** Where application is made to circuit court for permanent writ of injunction, and copy of petition is filed with county court, asking that court to issue temporary writ of injunction thereon until petition in circuit court may be heard, county court has jurisdiction to

issue such temporary writ, if petition alleges facts sufficient to show jurisdiction in the circuit court to issue a permanent writ on injuction, otherwise not.

2. **Highways: Injunction: Petition Held Defective.** Where petition asked injunction restraining landowner from interfering with working of alleged public road, in that his fence was over a part of his land which was supposed to have been taken to constitute a part of the road, but did not allege that he had ever granted a right of way for the road, or that his claim to it was barred by limitation, through its use and control for a road, or that the right of way had ever been condemned, petition *held* fatally defective.

*Headnotes 1. Injunctions, 32 C. J., Section 461; 2. Highways, 29 C. J., Section 385.

Appeal from the Circuit Court of Christian County.— *Hon. Fred Stewart,* Judge.

REVERSED AND REMANDED *(with directions).*

*G. A. Watson,* of Springfield, and *G. Purd Hays,* of Ozark, for appellant.

(1)  The court erred in sustaining the motion to quash the temporary writ in prohibition and dismissing the relator's bill in prohibition as there was no return filed and the relator had a right to be heard on the merits. There is no question raised as to the sufficiency of the petition in prohibition. The law gives the relator, Gibson, in this case a right to be heard on his petition and the temporary writ and should not have been dismissed and quashed without a hearing. State ex rel. v. Dearing, 236 S. W. 629, 630; Secs. 2061 and 2062, R. S. 1919; State ex rel. v. Elkins, 130 Mo. 90; State ex rel. v. Harty, 208 S. W. 835; Howard et al. v. Pierce, 38 Mo. 297, 300; State ex rel. v. Slover, 126 Mo. 652; State ex rel. v. Eby, 170 Mo. 497; State ex rel. v. Burney, 186 S. W. 23, 28; State ex rel. v. Allen, 45 Mo. App. 551; State ex rel. v. Sale, 188 Mo. 493. (2)  The court erred in not hearing the petition of plaintiff or relator on the merits of his

petition and all this should have been done and there was no time when the county court had the right to issue a temporary restraining order or writ. State ex rel. v. Sale, 188 Mo. 493; Sec. 2062, R. S. 1919; State ex rel. v. Lamb, 237 S. W. 455. (3) That the county court had no authority to issue a temporary writ of injunction as all county courts have a superintending control over all public road except state highways. It is, or should always be, a party in interest in the roads in the county when in legal dispute. Secs. 10682, 10702, R. S. 1919. (4) That county court and circuit courts are without legal authority to compel a man to give his land for a public road by injunction as was attempted to be done in this case. The county of Christian had never obtained possession of Gibson's land at any time and he had never deeded it to the county. No condemnation proceedings have been had to take his land for a public road and there was no adverse user as it had always been under the same fence which Gibson had refused to let plaintiffs in the injunction suit tear down and turn his farm outside. An order of the county court that did not carry possession with it, and take the land does not ripen into title. Title by user did not exist, nor by deed, grant or any means of conveying title known to the law for a public road, therefore injunction was not the remedy and prohibition lies to prevent injunction issuing and damaging the relator, Gibson. St. Louis R. R. Co. v. Wear, 135 Mo. 230; Field v. Mark, 125 Mo. 502; Rosenberger v. Miller, 61 Mo. App. 422; Ates v. Wills, 243 S. W. 187. Plaintiffs in the injunction had a legal remedy at law which they fail to plead they did not have, but could have enforced all their rights if any they had by action at law. Sec. 10645, R. S. 1919; Wanscott v. Strode, 237 S. W. 196. (5) That there was not facts sufficient to give any court sufficient jurisdiction to grant a temporary writ of injunction. In this case the petition for injunction failed to state that plaintiffs did not have a legal remedy at law, that the defendant, Gibson, was in-

solvent; the only thing that it does attempt to say is that plaintiff will be "irreparably injured" and that by reason of having to move the engine and grader they had there using to grade the road with and that it would take plaintiffs two days to do that, which could easily be compensated for in damages, if Gibson was in the wrong as it is admitted that Gibson is solvent in all probability worth $25,000. Verdin v. City of St. Louis, 131 Mo. 26, 105; State ex rel. v. Wood, 155 Mo. 425, 447; Pulitzer v. Gilbert, 260 Mo. 500; Johnson v. United R. R. Co., 227 Mo. 423; St. Louis, etc., R. R. Co. v. Wear, 135 Mo. 230. The petition fails to state that the circuit judge was not in Christian county so that the county court could not have legal authority to issue a temporary writ of injunction which was being attempted to be done in this case. St. Louis, etc., R. R. Co. v. Wear, 135 Mo. 230; Secs. 1947 & 1948, R. S. 1919; State ex rel. v. Dearing, 236 S. W. 629, 630; State ex rel. v. Lamb, 237 Mo. 455. All that relator, Gibson, could do unless he could have prohibition as in this case was to see his property taken, fields turned outside and all before he could have an appeal or other legal remedy as the injury to him was about to be perpetrated. State ex rel. v. Lamb, 237 Mo. 455; State ex rel. v. Dearing, 236 S. W. 629, 630; St. Louis R. R. Co. v. Wear, 135 Mo. 230.

*Omer E. Brown,* of Ozark, for respondent.

The court properly sustained the motion to quash the temporary writ. R. S. 1919, Secs. 1947, 2057; State ex rel. Bollinger, 219 Mo. 223; State ex rel. Reynolds, 209 Mo. 161; State ex rel. Riley, 203 Mo. 175. Damages were properly assessed on the overruling of the motion to quash the temporary writ. A bond was given by appellant for that purpose. County court has jurisdiction to issue injunction in the case. R. S. 1919, Secs. 1947, 10809, 10828. Other errors set out by appellant seem to have been abandoned.

COX, P. J.—Action in circuit court of Christian county asking for a writ of prohibition against the judges of the county court of said county to prevent the issue of a temporary writ of injunction. A temporary writ of prohibition was issued by the circuit judge in vacation. When the circuit court convened the respondents filed a motion to dismiss the temporary writ of prohibition issued by the judge in vacation. This motion was sustained and damages assessed. Relator appealed.

The essential facts shown on the record before us are as follows: A petition for a permanent injunction was filed in the circuit court of Christian county by the James River Special Road District against W. K. Gibson. A copy of the petition was presented to the county court of Christian county and that court asked to issue a temporary writ of injunction to hold until the case filed in the circuit court could be heard. The county court was about to take cognizance of said application for a temporary writ of injunction when this proceeding of prohibition was started to prevent the county court taking cognizance of said application for a temporary restraining order on the ground that the county court was without jurisdiction in the premises.

The only question before us is whether the county court had jurisdiction to grant a temporary writ of injunction on the petition presented to it. That question must be determined by a construction of the petition filed in the circuit court, a copy of which was the petition presented to the county court. If that petition alleges facts sufficient to show jurisdiction in the circuit court to issue a permanent writ of injunction, then the county court had jurisdiction to issue a temporary writ of injunction. If the petition filed in the circuit court would not support a judgment in that court granting the relief prayed for then the county court could not issue a temporary writ. Albers Commission Co. v. Spencer, 245 Mo. 368, 150 S. W. 712.]

The purpose of the petition filed in the circuit court by the Special Road District was to enjoin and prevent the defendant, W. K. Gibson, from interfering with plaintiff in working a certain alleged public road in the district. The petition alleged that the road in controversy had been opened as a public road by order of the county court in 1898 and attempts to set out the proceedings of the county court by which that result was accomplished. We need not recite all that is there pleaded as to the records of the county court but shall allude to what we regard as essential here. The petition shows that the road adjoins Mr. Gibson's land and in fact a part of his land is supposed to have been taken to constitute a part of the road and that his fence is five feet over the line of the road and that he will not move the fence back nor permit the plaintiff to move it. The defendant is alleged to be in possession of the five foot strip of ground in controversy. There is no allegation in the petition that he had ever granted a right of way for this road or that the county or the Special Road District had ever had possession and exercised control over it for a period of time sufficient to bar defendant by the Statute of Limitations. Unless defendant was barred, or had relinquished the right of way, or the right of way had been condemned, he could not be compelled by injunction or otherwise to surrender possession of his land until it had been properly condemned and his damages paid. That essential allegation was omitted from the petition and without an allegation of facts to show that defendant had relinquished a right of way or was barred by the Statute of Limitations or that the land had been properly condemned, the petition would not support a judgment and did not confer jurisdiction on the county court to issue a temporary writ of injunction which, in effect, would compel the defendant to sit quietly by and see his land taken and appropriated without compensation provided by the State Constitution being paid.

Our conclusion is that the circuit court erred in dismissing the temporary writ of prohibition. On the contrary it should have been made permanent. This disposition of the prohibition proceeding need not necessarily dispose of the injunction case in the circuit court. If the facts so warrant, the petition in the case in that court might be so amended as to confer jurisdiction to proceed.

The judgment will be reversed and the cause remanded with directions to set aside the judgment of dismissal and assessment of damages and enter a judgment making the temporary writ of prohibition against the judges of the county court permanent. *Bradley, J.,* concurs; *Bailey, J.,* not sitting.